UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ASHANTI T.,

                          Plaintiff,

          v.

LELAND DUDEK,[1] Acting Commissioner of
  Social Security,

                        Defendant.
_____

**DECISION**
**and**
**ORDER**

**22-CV-412F**
(**consent**)

APPEARANCES:        HILLER COMERFORD INJURY & DISABILITY LAW PLLC
                       Attorneys for Plaintiff
                       KENNETH R. HILLER, and
                       JEANNE ELIZABETH MURRAY, of Counsel
                       6000 North Bailey Avenue
                       Suite 1A
                       Amherst, New York  14226

                       JOEL L. VIOLANTI
                       ACTING UNITED STATES ATTORNEY
                       Attorney for Defendant
                       Federal Centre
                       138 Delaware Avenue
                       Buffalo, New York  14202
                              and
                       SERGEI ADEN
                       Special Assistant United States Attorney, of Counsel
                       Social Security Administration
                       Office of General Counsel
                       6401 Security Boulevard
                       Baltimore, Maryland  21235

## **JURISDICTION**

On October 1, 2024, the parties to this action consented pursuant to 28 U.S.C.

---

[1] Leland Dudek became the Acting Commissioner of the Social Security Administration on February 16, 2025, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case.  No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

§ 636(c) to proceed before the undersigned.  (Dkt. 10).  The matter is presently before

the court on motions for judgment on the pleadings filed by Plaintiff on October 24, 2022

(Dkt. 5), and by Defendant on December 21, 2022 (Dkt. 6).


## BACKGROUND

Plaintiff Ashanti T. ("Plaintiff"), brings  this action under Title XVI of the Social

Security Act ("the Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of

the Commissioner of Social Security's final decision denying Plaintiff's application filed

with the Social Security Administration ("SSA") on November 14, 2016 ("the application

date"), prior to attaining age 18 on July 4, 2019, for child Supplemental Security Income

("SSI") under Title XVI of the Act ("disability benefits").  AR[2] at 15, 149-55, 166, 175,

579-85.  Plaintiff alleges he became disabled on September 1, 2016, based on attention

deficit hyperactive disorder ("ADHD"), a learning disability, and emotional disturbance.

AR at 175, 179.  Plaintiff's application initially was denied on April 19, 2017, AR at 86-

91, and at Plaintiff's timely request, AR at 94-96, on January 2, 2019, an administrative

hearing was held in Buffalo, New York before Administrative Law Judge ("ALJ")

Stephen Cordovani ("the ALJ" or "ALJ Cordovani").  AR at 36-76 ("the first hearing").

Appearing and testifying at the first hearing were Plaintiff, represented by Nicholas

Divirgilio, Esq., as well as Plaintiff's father ("Plaintiff's father").  Plaintiff's mother

("Plaintiff's mother"), was also in attendance at the first hearing, but did not give any

testimony.

---

[2] References to "AR" are to the Bates-stamped pages of the Administrative Record electronically filed by
Defendant on August 25, 2022 (Dkt. 4).

On March 20, 2019, the ALJ issued a decision denying Plaintiff's claim, AR at 12-35 ("first ALJ decision"), which Plaintiff timely appealed to the Appeals Council.  AR at 145-48.  On April 17, 2020, the Appeals Council denied Plaintiff's request for review, AR at 1-6, thus rendering the first ALJ decision the Commissioner's final decision at that time.  On June 16, 2020, Plaintiff commenced an action in this court seeking review of the first ALJ decision.  *See Hayes o.b.o. Ashanti T. v. Comm'r of Soc. Sec.*, 20-CV-742-FPG (W.D.N.Y.) ("*Hayes*").  By Stipulation and Order filed January 7, 2021, the Commissioner's decision was reversed and the case was remanded for further administrative proceedings including a new administrative hearing and decision.  *Hayes*, 20-CV-742-FPG, Dkt. 12 (W.D.N.Y. Jan. 7, 2021).  By Order dated March 5, 2021, the Appeals Council ("Appeals Council's order") vacated the first ALJ decision and remanded the matter to the ALJ with instructions to further evaluate the child mental health domain of caring for yourself, particularly with regard to Plaintiff's history of altercations and an opinion rendered by psychologist Janine Ippolito, Psy.D. ("Dr. Ippolito").  AR at 466-69.

Accordingly, a second administrative hearing, was held on January 13, 2022, via teleconference, before ALJ Cordovani in Buffalo, New York.  AR at 395-421 ("second hearing").[3]  Appearing and testifying at the second hearing were Plaintiff, represented by Joseph Paladino, Esq.  Also present at the second hearing was impartial vocational expert Melissa Fass-Karlin ("the V.E."), who did not testify.  On January 26, 2022, ALJ Cordovani issued a decision ("second ALJ decision"), finding Plaintiff is not disabled.

---

[3] A previous hearing that was scheduled for September 23, 2021, was rescheduled to allow the ALJ to obtain updated records.  AR at 422-32.

On May 31, 2022, Plaintiff commenced the instant action seeking review of the second ALJ decision denying Plaintiff disability benefits.

On October 24, 2022, Plaintiff moved for judgment on the pleadings (Dkt. 5) ("Plaintiff's Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings (Dkt. 5-1) ("Plaintiff's Memorandum").  On December 21, 2022, Defendant moved for judgment on the pleadings (Dkt. 6) ("Defendant's Motion"), attaching Commissioner's Brief in Support of the Commissioner's Motion for Judgment on the Pleadings and in Response to Plaintiff's Brief Pursuant to Local Rule 5.5 on Social Security Cases (Dkt. 6-1) ("Defendant's Memorandum").  Filed on January 11, 2023, was Plaintiff's Response to the Commissioner's Brief in Support and in Further Support for Plaintiff's Motion for Judgment on the Pleadings (Dkt. 7) ("Plaintiff's Reply"). Oral argument was deemed unnecessary.

Based on the following, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED.


## **FACTS**[4]

Plaintiff Ashanti T. ("Plaintiff"), born July 4, 2001, was 15 years old on November 16, 2016, when he initially, through his mother, applied for disability benefits as a disabled child based on ADHD, a learning disability, and classification with an emotional disturbance, AR at 15, 179, and 20 years old as of the date of the second administrative hearing.  AR at 1, 179, 395.  As of the application date, Plaintiff lived with his mother and two siblings, but Plaintiff lived with his father at the time of the first hearing, and as

---

[4] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings.

of the second hearing, Plaintiff generally lived with his mother but sometimes lived with his girlfriend.  AR at 41-42, 150, 178, 400-01

It is undisputed that while in school, Plaintiff had learning difficulties for which he received special education services including an Individual Education Program ("IEP"), and also was diagnosed with emotional disturbance.  Despite the IEP, Plaintiff graduated high school in 2019 with a Local High School Diploma with a CDOS Commencement Credential (Career Development and Occupational Studies certificate awarded those students who do not meet the criteria for a Regents diploma).  AR at 377, 643, 648.  Plaintiff also had some disciplinary issues commencing in high school, including verbal altercations, being disrespectful to teachers, and physical altercations, and for which Plaintiff had a Behavioral Intervention Plan ("BIP"), for the 2016-2017, 2017-2018, and 2018-2019 school years.  AR at 210-15, 240, 300-11.  By December 2018, Plaintiff's behavior had improved.  AR at 381-82.

Plaintiff has a driver's license and sometimes drives a friend's car to do odd jobs and give other friends rides to earn money.  AR at 377, 419-20.  While in high school, Plaintiff was able to get himself up each morning and caught the Metro bus to school using an application on his cellular phone to track the bus schedule.  AR at 55-56, 73. Plaintiff enjoys sports, particularly basketball, and played on the high school team but was kicked off following an altercation with another player.  AR at 417-18.  Plaintiff's employment history includes brief stints in customer service, cleaning, stocking, and assisting with transactions at a Family Dollar store and at an A Plus Convenience store, but quit because it interfered with his basketball schedule.  AR at 587, 616-19, 646. Plaintiff volunteers at a community center working with youths ages 11 to 12 and

teaching them to play basketball.  AR at 418-19.  Plaintiff also enjoys video games, which he plays daily, particularly a basketball video game.  AR at 70, 382.

Plaintiff received medical care at Town Garden Pediatrics Center where his primary care providers are Anthony M. Caterina, M.D. ("Dr. Caterina"), Anna Socha, M.D. ("Dr. Socha"), and Sarah Milazzo, M.D. ("Dr. Milazzo").  AR at 345-52.  Although Plaintiff seeks disability benefits based on alleged mental impairments, it is undisputed that Plaintiff was never hospitalized for any psychiatric problem and never sought or received any psychological counseling or treatment.  AR at 340.

In connection with his disability benefits claim, on April 13, 2017, Plaintiff underwent a consultative Child Psychiatric Evaluation ("psychiatric evaluation") by psychologist Janine Ippolito, Psy.D. ("Dr. Ippolito"), AR at 340-45, who also performed a Child Intelligence Evaluation ("IQ evaluation") that same day.  AR at 335-39.  Based on the psychiatric evaluation, Dr. Ippolito diagnosed Plaintiff with conduct disorder, childhood onset type, moderate, and her medical source statement ("Dr. Ippolito's opinion") included that Plaintiff "can adequately maintain appropriate social behavior, be aware of danger and take needed precautions, and interact adequately with peers and adults with marked limitations."  AR at 343.  Dr. Ippolito further opined that Plaintiff's psychiatric problems "may significantly interfere with this claimant's ability to function on a daily basis."  *Id*. at 344.  Although Plaintiff scored poorly on the intelligence evaluation, with full scale IQ of 46 falling in the "very low range of ability," Dr. Ippolito stated that she observed "poor effort and motivation during testing" which rendered the score "likely an under estimate of true ability."  AR at 337.  Further, based on Plaintiff's "problems with effort and motivation throughout the evaluation process," Dr. Ippolito was unable to

assess Plaintiff's strengths and weaknesses.  *Id*.  On April 19, 2017, State Agency

consultant psychologist H. Ferrin, Ph.D. ("Dr. Ferrin"), reviewed Plaintiff's records and

assessed Plaintiff with marked limitations in the domain of interacting and relating with

others, and less than marked or no limitations in the remaining five domains relevant to

a child disability claim based on mental impairment.[5]  AR at 81-85.


## DISCUSSION

**1.    Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability

benefits when he is unable "to engage in any substantial gainful activity by reason of

any medically determinable physical or mental impairment which . . . has lasted or can

be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§

416(i)(1); 1382c(a)(3)(A).  A district court may set aside the Commissioner's

determination that a claimant is not disabled if the factual findings are not supported by

substantial evidence, or if the decision is based on legal error.  42 U.S.C. §§ 405(g),

1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003).  In

reviewing a final decision of the SSA, a district court "is limited to determining whether

the SSA's conclusions were supported by substantial evidence in the record and were

based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir.

2012) (internal quotation marks and citation omitted).  "Substantial evidence is more

than a mere scintilla.  It means such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion."  *Id*.  It is not, however, the district court's

---

[5] The six domains of functioning for child disability based on mental impairment are discussed, *infra*, at 10.

function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence.  *Id*.  "Congress has instructed . . . that the factual findings of the Secretary,[6] if supported by substantial evidence, shall be conclusive."  *Rutherford v. Schweiker*, 685 F.2d60, 62 (2d Cir. 1982). "Under this 'very deferential standard of review,' 'once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*.'"  *Bonet ex rel. T.B. v. Colvin*, 523 Fed.Appx. 58, 58-59 (2d Cir. 2013) (quoting *Brault v. Social Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (italics in original).  Indeed, the issue is not whether substantial evidence supports the claimant's argument, but "whether substantial evidence supports *the ALJ's decision*."  *Bonet ex rel. T.B.*, 523 Fed.Appx. at 59 (italics in original).

**2.    Disability Determination**

The definition of "disabled" is the same for purposes of receiving SSDI and SSI benefits.  *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a).  Pursuant to the applicable regulations, in determining eligibility for disability benefits, the Commissioner must follow a five-step analysis for disability benefits for an adult, *i.e.*, age 18 or older, 20 C.F.R. § 416.920, *see Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986) (adult), and a three-step analysis for disability benefits for a child younger than age 18, 20 C.F.R. § 416.924, *see Miller v. Comm'r of Soc. Sec.*, 409 Fed.Appx. 384, 386 (2d Cir. 2010)

---

[6] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

(child).  In the instant case, the parties focus on the criteria for disability benefits as a child, rather than as an adult, presumably because, at the second hearing, Mr. Paladino admitted that there was no evidence that Plaintiff, as an adult, received any treatment for his mental health impairment and the ALJ would have to rely solely on Plaintiff's hearing testimony to ascertain whether Plaintiff, as an adult, had a mental health impairment that prevented Plaintiff from working.  AR at 404-05.[7]  Plaintiff also failed, twice, to attend an adult psychiatric evaluation.  *See* AR at 630 (reporting Plaintiff was a "no call/no show" on November 9, 2021 ("first no-show")); and 631 (same on December 8, 2021 ("second no-show")).  At the second hearing, Plaintiff attributed the first no-show to the fact that he sister, who drove Plaintiff to the examination, was recovering from a cold and Plaintiff was asked to reschedule, AR at 403, and for the second no-show, Plaintiff himself was sick and the examination was never rescheduled.  *Id*. at 403-04.  Moreover, Plaintiff does not argue that the ALJ erred in finding Plaintiff not disabled under the adult standard.  Accordingly, the undersigned considers Plaintiff has waived any argument concerning his disability claim upon attaining age 18.  *See Denise W. v. Comm'r of Soc. Sec.*, 2025 WL 322249, at * 4 (W.D.N.Y. Jan. 29, 2025) (concluding that the plaintiff limited her challenge to the ALJ's decision to those arguments raised and challenges regarding other aspects of the application that were not raised were waived (citing *Pourpore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009), and *Harrington v. Comm'r*, 2020 WL 913664, at *3 (W.D.N.Y. Feb. 26, 2020))).

For disability benefits as a child, the inquiry has three steps including (1) whether the child is engaged in substantial gainful activity ("SGA"), 20 C.F.R. § 416.924(b); (2) if

---

[7] Mr. Paladino specifically stated that "the strongest part of this case is - - likely the child portion.  And I think there's probably not much of an adult claim here given the lack of treatment."  AR at 404-05.

the claimant has not been engaged in SGA, whether the child has a medically

determinable impairment that is "severe," 20 C.F.R. § 416.924(c); and (3) if the child

does have a severe impairment, whether such impairment meets or is medically or

functionally equal to an impairment in the Listing of Impairments, 20 C.F.R. Part 404,

Subpart P, App. 1 ("the Listings").  Relevant to the third step, where, as here, disability

is alleged based on a mental impairment, to determine whether a claimant meets the

"functional equivalence" of a listed impairment, the child's functional limitations are

evaluated with regard to six domains of functioning ("functioning domains" or

"domains"), including,

> (i) Acquiring and using information;
> (ii) Attending and completing tasks;
> (iii) Interacting and relating with others;
> (iv) Moving about and manipulating objects;
> (v) Caring for yourself; and,
> (vi) Health and physical well-being.

20 C.F.R. § 416.926a(b)(i)-(vi).

A medically determinable impairment or combination of impairments functionally equals

a listed impairment if it results in "marked" limitations in two or more domains of

functioning, or in an "extreme" limitation in at least one domain of functioning.[8]  20

C.F.R. § 419.926a(e)(2).

     In the second ALJ decision, ALJ Cordovani found that Plaintiff, born July 4, 2001,

was, upon applying for disability benefits on November 14, 2016, an adolescent under

---

[8] A "marked" limitation is defined as more than moderate but less than extreme, with standardized testing
scores at least two but less than three standard deviations below the mean, with day-to-day functioning
in domain-related activities consistent with such score, and with regard to the domain of health and physical
well-being, frequent episodes of illness or exacerbation of the impairments consistent with the
regulations.  20 C.F.R. § 416.926a(e)(2) and (3).

age 18, but attained age 18 before January 31, 2022, the date of the second ALJ

decision.  AR at 373.  Despite earnings records showing some minimal earnings since

the application date, Plaintiff never had earnings in excess of the threshold amount and

thus has not engaged in substantial gainful activity.  *Id*.  Since the application date and

prior to attaining age 18, Plaintiff had the severe impairments of oppositional defiance

disorder, ADHD, and a learning disorder, but did not have an impairment or combination

of impairments medically or functionally equaling the severity of an impairment in the

Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1, Part A or B (20

C.F.R. §§ 416.920(d), 416.924, 416.925, and 416.926), AR at 373-74, such that Plaintiff

was not disabled prior to attaining age 18.  AR at 372-85.[9]

In support of his motion, Plaintiff argues that in the second ALJ decision, the ALJ

violated the Appeals Council's order, by failing to properly evaluate the domain of caring

for yourself and Dr. Ippolito's opinion that supported finding Plaintiff with marked

limitations in two domains of functioning, including caring for yourself and interacting

and relating with others.  Plaintiff's Memorandum at 12-19.  In opposition, Defendant

argues that substantial evidence in the record supports the ALJ's determination that

Plaintiff had less than marked limitations in the domain of caring for yourself,

Defendant's Memorandum at 10-12, Plaintiff's contentions fail to establish otherwise,

*id*., at 12-13, the ALJ complied with the Appeals Council's order, *id*. at 13-15, and

Plaintiff's argument mischaracterizes the standards for domain of caring for yourself.  *Id*.

---

[9] With regard to Plaintiff's disability status as an adult, the ALJ also found that since attaining age 18,
Plaintiff has not developed any new impairment or impairments, AR at 385, continues to have the
medically determinable impairments of oppositional defiant disorder, ADHD, and a learning disorder, but
has not had an impairment or combination of impairments that has significantly limited Plaintiff's ability to
perform basic work-related activities for 12 consecutive months, such that Plaintiff does not have a severe
impairment or combination of impairments, *id*. at 385-88, and has not been disabled as defined under the
Act since the application date.  *Id*. at 388.

at 15-22.  A thorough review of the record establishes that substantial evidence in the record supports the second ALJ decision.

With regard to the domains of functioning, it is not disputed that Plaintiff has a "marked limitation" in the domain of interacting and relating with others.  *See* Plaintiff's Memorandum at 12, 19, and Defendant's Memorandum at 9, 12, 17.  Accordingly, if Plaintiff can establish that substantial evidence in the record supports only that Plaintiff also has a marked limitation in the domain of caring for yourself, the record will establish that Plaintiff has a marked limitation in at least two of the domains of functioning such that Plaintiff was disabled under the criteria for disability as a child.[10]  Because Plaintiff bears the burden of proof of proving disability, *see Barry v. Colvin*, 606 Fed.Appx. 621, 622 (2d Cir. 2015) ("A lack of supporting evidence on a matter for which the claimant bears the burden of proof, particularly when coupled with other inconsistent record evidence, can constitute substantial evidence supporting a denial of benefits." (citing *Talavera v. Astrue,* 697 F.3d 145, 153 (2d Cir.2012))), the court thus considers whether substantial evidence supports Plaintiff's argument that Plaintiff has a marked limitation in the domain of caring for yourself.

Plaintiff argues the ALJ's analysis of the domain of caring for yourself is erroneously limited to consideration of Plaintiff's physical ability to perform such self-care tasks as bathing, grooming, dressing, obeying his parents, and completing household chores.  Plaintiff's Memorandum at 13-14.  In opposition, Defendant argues that substantial evidence in the record supports that ALJ's finding that Plaintiff has a less than marked limitation in the domain of caring for yourself, Defendant's

---

[10] Plaintiff does not challenge the ALJ's determination that in the remaining four domains of functioning, Plaintiff has either no impairment, or a less than marked impairment.

12

Memorandum at 10-12, and maintains Plaintiff has mischaracterized the caring for

yourself domain standards.  *Id*. at 15-16.

The caring for yourself domain evaluates "how well you maintain a healthy

emotional and physical state, including how well you get your physical and emotional

wants and needs met in appropriate ways; how you cope with stress and changes in

your environment; and whether you take care of your own health, possessions, and

living area."  20 C.F.R. § 416.926a(k).  For adolescents like Plaintiff prior to reaching

age 18, the regulations provide:

> You should feel more independent from others and should be increasingly
> independent in all of your day-to-day activities.  You may sometimes experience
> confusion in the way you feel about yourself.  You should begin to notice
> significant changes in your body's development, and this can result in anxiety or
> worrying about yourself and your body.  Sometimes these worries can make you
> feel angry or frustrated. You should begin to discover appropriate ways to
> express your feelings, both good and bad (*e.g.*, keeping a diary to sort out angry
> feelings or listening to music to calm yourself down).  You should begin to think
> seriously about your future plans, and what you will do when you finish school.

*Id*. § 416.926a(k)(2)(v).

In Social Security Ruling ("SSR") 09-7p,[11] the SSA provides further guidance for

analyzing the domain of caring for yourself.  SSR 09-7p, 2009 WL 396029 (Feb. 17,

2009).  Relevantly, the caring for yourself domain "does not address children's physical

abilities to perform self-care tasks like bathing, getting dressed, or cleaning up their

room," nor the ability to relate to other people, all matters which are addressed in other

domains.  SSR 09-7p, 2009 WL 396029, at *2.  Instead, the caring for yourself domain

---

[11] "SSR" refers to "Social Security Rulings" which are agency rulings "published under the authority of the Commissioner of Social Security and are binding on all components of the Administration.  These rulings represent precedent final opinions and orders and statements of policy and interpretations that [the SSA] ha[s] adopted."  20 C.F.R. § 402.35(b)(1).

may be compromised when a child's mental impairment affects his ability to regulate his emotional well-being and respond in inappropriate ways.  *Id*. at *3.  Examples pertinent here include a child with ADHD having "difficulty completing assignments" and expressing frustration by "destroying school materials," and a child with "poor impulse control may have problems managing anger."  *Id*.  Although the domains of caring for yourself and interacting and relating with others are related, and some impairments may cause limitations in both domains, they differ insofar as the caring for yourself domain "involves a child's feelings and behavior in relation to self (as when controlling stress in an age-appropriate manner)," whereas the interacting and relating with others domain "involves a child's feelings and behavior in relation to other people. . . ."  *Id*. at *4.  Endangering oneself by impulsively running into a street involves the caring for yourself domain, but inappropriately interrupting conversations pertains to interacting and relating with others.  *Id*.  Addressing a stressful situation by using a calming technique involves the caring for yourself domain, but avoiding a stressful situation altogether pertains to the interacting and relating with others domain.  *Id*.

In support of his argument that in evaluating Plaintiff with a less than marked limitation in the domain of caring for yourself, the ALJ considered only Plaintiff's physical abilities to perform self-care tasks such as bathing, dressing, and cleaning, and not Plaintiff's behavioral issues, Plaintiff quotes the following,

> [T]he claimant's father reported that the claimant had some mild difficulties with chores and personal care, relating to behavioral issues, such that the claimant required significant prompting. . . .  [T]he claimant's mother reported that the claimant needed reminders to brush his teeth or take a bath . . . [and] . . . that the claimant "will not do as he is told" because of anger.  At the consultative examination, however, the claimant's mother reported that the claimant is able to dress, bather [*sic*], and groom himself at age-appropriate levels with prompting. Generally, the record shows that the claimant has no difficulties attending to

activities of daily living from a physical health standpoint, and his father notes in testimony that the claimant has no problems preparing for or traveling to school, independently.  He further reported the claimant is capable of washing the dishes, keeping his room in order, and taking out the trash. . . .

Plaintiff's Memorandum at 13 (quoting AR at 380-81).

Although this portion of the second ALJ record is limited to considering Plaintiff's

physical abilities to perform self-care, a fair reading of the second ALJ decision

establishes the ALJ also considered the domain of caring for yourself with regard to

Plaintiff's behavioral issues and Dr. Ippolito's opinion as directed by the Appeals Council

Order.  AR at 381.

Specifically, the ALJ considered that the record, including Plaintiff's testimony,

established that although Plaintiff was involved in two physical altercations with other

students, including on in October 2016 during which a teacher and another student

were injured, and a second one less than a year later in September 2017, thereafter,

these altercations ceased.  AR at 381 (citing AR at 258-64, and 268-75).  Plaintiff

testified that prior to the 2016 altercation, he was involved in other fights for which he

faced disciplinary action by the school, AR at 414-15, but the coping skills he learned

through school were effective in helping Plaintiff to avoid such conflicts.  AR at 381

(referencing AR at 415-17).  The ALJ considered that such evidence in the record

demonstrated Plaintiff's difficulties were sporadic, situational, and improved over time,

referencing Office and Clinic Notes for a sports physical performed by Dr. Milazzo on

October 23, 2018, who reported there were "[n]o concerns from teachers regarding

behavior or disruptiveness.  No bullies, no fights at school."  AR at 381 (quoting AR at

350).  In Plaintiff's IEP dated December 2018, Plaintiff is described as "'a very kind and

respectful student with staff he has built a positive relationship with,'" and that Plaintiff

"'does best when he is given positive praise,'" and "enjoys helping adults and being praised for making the appropriate choices.'"  *Id.* at 381 (quoting AR at 356).  The ALJ further observed that Dr. Ippolito's opinion was rendered on April 13, 2017, during the period in which the BIP was developed to assist Plaintiff with controlling his anger and temper.  AR at 381.

The ALJ also considered Dr. Ippolito's opinion was inconsistent with Plaintiff's testimony that he was engaged in working with younger children at a local community center, participated in organized sports, and improved his attendance at school because he desired to graduate, which supported finding Plaintiff had a less than marked impairment in the domain of caring for yourself.  AR at 384 (discussing Dr. Ippolito's opinion with regard to Plaintiff's claimed mental health impairment as an adult); *see also* AR at 381 (referring, in discussing the domain of caring for yourself in connection with Plaintiff's childhood disability claim, to the ALJ's discussion of Dr. Ippolito's opinion as it also related to Plaintiff's adult claim).  The ALJ further observed that on April 19, 2017, upon reviewing Plaintiff's records which included, *inter alia*, Dr. Ippolito's evaluations and opinion, Dr. Ferrin concluded Plaintiff had either no limitation or a less than marked limitation in all domains of functioning except for interacting and relating with others for which Plaintiff had a marked limitation.  AR at 383.  *See Hairston v. Comm'r of Soc. Sec.*, 2020 WL 516897, at *4 (W.D.N.Y. Jan. 29, 2020) ("It is well-established that '[a] well-supported opinion from a . . . a non-examining state agency doctor . . . may . . . provide substantial evidence supporting an ALJ's decision.'" (quoting *Cassandra K. v. Comm'r of Soc. Sec.*, 2019 WL 1115673, at *6 (N.D.N.Y. Mar. 11, 2019))), *aff'd sub nom. Hairston-Scott v. Comm'r of Soc. Sec.*, 2021 WL 3777581 (2d Cir. Aug. 26, 2021).

Plaintiff also argues the ALJ failed to consider the fact that the BIP created a "highly structured school environment" in which Plaintiff's behavior improved which does not negate finding Plaintiff had a marked limitation in the caring for yourself domain. Plaintiff's Memorandum at 15-17. In opposition, Defendant argues Plaintiff has distorted both the record evidence and the ALJ's analysis regarding Plaintiff's "highly structured" environment at school. Defendant's Memorandum at 16-22.

The "Commissioner's regulations also require the ALJ to consider the effects of a structured or highly supportive setting . . . on the claimant's functioning and, if the claimant's symptoms or signs are controlled or reduced by the structured environment, the ALJ is required to consider the claimant's functioning outside of the highly structured setting." *Smith v. Massanari,* 2002 WL 34242375, at *6 (W.D.N.Y. Mar. 17, 2002) (citing 20 C.F.R. § 416.924c). Further, an ALJ's analysis need not be explicit in every detail or exhaustive in its discussion of the evidence but, rather, must "afford[ ] an adequate basis for meaningful judicial review, appl[y] the proper legal standards, and [be] supported by substantial evidence." *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). Although remand may be warranted where a court is "unable to fathom the ALJ's rationale in relation to [the] evidence in the record," *Berry v. Schweiker*, 675 F.2d 464, 469 (2d Cir. 1982), provided the "the evidence of record permits [the court] to glean the rationale of an ALJ's decision," an ALJ is not required to "mention[ ] every item of testimony presented to him or [ ] explain[ ] why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability." *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983). In the instant case, the second ALJ decision establishes there is substantial evidence in the record supporting that Plaintiff

did not have a marked limitation in the caring for yourself domain in the absence of a
highly structured environment.

Specifically, the ALJ considered the BIP provided Plaintiff with options to avoid
verbal or physical altercations with other students and teachers, including use of a pass
to physically, for a short time, remove himself from a class when frustrated, use of a
daily check in/check out sheet to track Plaintiff's attendance, and seating Plaintiff in the
front of the classroom close to the teacher and away from friends. AR at 381
(referencing AR at 355, 359, 360 (2018-2019 IEP with BIP)). The ALJ further found that
evidence in both the longitudinal record and Plaintiff's testimony demonstrated that
Plaintiff's behavior difficulties lessened within one year of November 14, 2016, the
disability application date. AR at 381. This is consistent with evidence in the record
establishing that by the time he graduated high school in 2019, Plaintiff no longer had a
BIP. AR at 643-53 (Central Committee on Special Education, April 8, 2019 meeting
report showing Plaintiff did not then have a BIP (AR at 643), "Ashanti's BIP plan has
been discontinued" (AR at 645), with box checked indicating Plaintiff did not need a BIP
(AR at 648)). The ALJ construed Plaintiff's testimony as to his activities after high
school ended and Plaintiff attained age 18, which included volunteering with younger
children at a local community center teaching them basketball, and using a friend's car
to run errands and provide rides to others, demonstrated that the improvement in
Plaintiff's behavior as of 2018 was not temporary. AR at 381. Accordingly, substantial
evidence supports that Plaintiff's limitation in the domain of caring for yourself was
remediated with the use of the highly structured environment, including the BIP. *See*
*Montalvo v. Comm'r of Soc. Sec.*, 2020 WL 13558653, at *9 (W.D.N.Y. Aug. 27, 2020)

("'Of course, a remediable impairment is not disabling.'" (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1039 (2d Cir. 1983))).

The evidence in the record thus establishes at most that it is susceptible to more than one rational interpretation, including that Plaintiff did not have at least a marked limitation in the caring for yourself domain so as to establish disability as a child based on a mental impairment as defined under the Act. *See McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) ("If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld."); *Bonet ex rel. T.B. v. Colvin*, 523 Fed.Appx. 58, 58-59 (2d Cir. 2013) ("Under this 'very deferential standard of review [applicable to actions challenging an administrative decision on a disability benefits claim],' 'once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*.'" (quoting *Brault v. Social Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (italics in original). Further, the threshold for substantial evidence "is not high . . . . It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal citation and quotation marks omitted). Indeed, as noted, *see* Discussion, *supra*, at 8, the issue is not whether substantial evidence supports the claimant's argument, but "whether substantial evidence supports *the ALJ's decision*." *Bonet*, 523 Fed.Appx. at 59 (quoting *Brault*, 683 F.3d at 448) (italics in original). In the instant case, the ALJ's decision that Plaintiff was not disabled between the disability application date and reaching age 18 such that Plaintiff was not disabled as a child is supported by substantial evidence in the record.

## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion (Dkt. 5) is DENIED; Defendant's Motion

(Dkt. 6) is Granted.  The Clerk of Court is directed to close the file.

SO ORDERED.


/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      February 27, 2025
                 Buffalo, New York